UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------X
LARRY WASHINGTON,

                              Plaintiff,                  MEMORANDUM OPINION
                                                                AND ORDER
                -against-
                                                                  CV-04-4043 (ADS) (ETB)

NASSAU UNIVERSITY MEDICAL
CENTER, CYNTHIA CARROLL, and
JAMES BROSNAN,

                              Defendants.
----------------------------------------------------------------------------X

       Presently before the Court is defendants' motion for costs and attorney's fees associated with making a motion for civil contempt against the plaintiff.

BACKGROUND

       By letter dated March 30, 2005, defendants motioned the Court for an order dismissing this action based on plaintiff's failure to prosecute, or in the alternative, compelling plaintiff to respond to defendants' discovery requests. Defendants also sought the expense they incurred in making the March 30, 2005 motion, which was unopposed by the plaintiff. Defendants' motion to compel was granted on April 13, 2005. On May 5, 2005, defendants were awarded costs and attorneys' fees in the amount of $909.28, the amount expended by defendants in making the motion to compel. Plaintiff was ordered to make payment to the defendants within ten business days of the date of the order.

       On June 23, 2005, based on plaintiff's failure to pay the costs and attorney's fees, defendants filed a motion for an Order pursuant to Rule 70 Fed. R. Civ. P. And Local Civil Rule 83.9 of the Local Civil Rules for the Southern and Eastern Districts of New York: (1) finding plaintiff to be in civil contempt of the May 5, 2005 order; (2) imposing civil contempt sanctions

upon the plaintiff for noncompliance with the May 5, 2005 order; (3) awarding defendants reasonable fees and costs associated with prosecuting plaintiff's contempt; and (4) awarding defendants such other and further relief that the Court deems just and proper. By letter dated June 28, 2005, defendants informed the Court that on the afternoon of June 28, 2005, plaintiff finally complied with the May 5, 2005 order and paid defendants the sum of $909.28. The defendants' letter indicated that based on receipt of payment, the defendants were withdrawing the portions of their motion seeking an order finding plaintiff in contempt of the May 5, 2005 order and seeking contempt sanctions against plaintiff. Defendants stated that they have not withdrawn the portion of their motion seeking an order awarding the defendants reasonable costs of prosecuting plaintiff's contempt, including attorney's fees, and awarding defendants such other and further relief that the Court deems just and proper.

## DISCUSSION

In a non-consent jurisdiction case (see 28 U.S.C. § 636(c)) my authority with respect to a motion to find a party in civil contempt for violation of a Court order– outside of my presence– is governed by 28 U.S.C. § 636(e)(6). That section, in relevant part, authorizes me to certify the relevant facts to the assigned Article III judge. Only the Article III judge has the authority, under such circumstances, to enter an order of civil contempt after conducting an evidentiary hearing as provided in § 636(e)(6). See, e.g., British Int'l Ins. Co. Ltd. V. Seguros La Reupblica, S.A., No. 90 Civ. 2370, 2001 WL 958975, at *5 (S.D.N.Y. Aug. 22, 2001).

In this case the plaintiff has paid the outstanding legal fees and costs which gives rise to this motion to hold the plaintiff in contempt. Although the defendants have withdrawn the civil contempt aspect of the motion, defendants persist in seeking attorney fees and costs with respect

2

to the civil contempt motion. The defendants rely for authority[1] on Local Civil Rule 83.9 of the Local Civil Rules for the Southern and Eastern District of New York. These provisions are applicable to Article III judges but not applicable to Article I judges, who are limited by the jurisdictional provisions set forth at 28 U.S.C. § 636..

The remaining motion for costs, including reasonable attorney fees, relates solely to an application for relief which I am not authorized to grant. Under these circumstances the defendants are not entitled to recover any costs for making the motion.

For the foregoing reasons, defendants' remaining request for costs and legal fees is denied.

SO ORDERED.

Dated: Central Islip, New York
August 10, 2005

/s/ E. Thomas Boyle
E. THOMAS BOYLE
United States Magistrate Judge

---

[1] To the extent that defendant relies on Rule 70 Fed. R. Civ. P., that provision is inapplicable because there is no "judgment."